Joseph W. WOODS

v.

Cynthia Kay WINSOR.

No. 93–280–Appeal.

Supreme Court of Rhode Island.

Feb. 17, 1994.

Anthony E. Angeli, Jr., Dept. of Children, Youth and Families, Eric E. Pizzuti, Kenneth MackSoud, Providence, for plaintiff.

Joshua Pearlman, John O'Brien, Court-appointed Sp. Advocate, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing all par-

ties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant, Cynthia Kay Winsor (Winsor), has appealed from a Family Court order requiring her to relinquish custody of two of her children, Joseph Kelly Woods and Lisa Woods, to the plaintiff, Joseph W. Woods (Woods), who is their father and lives in Kentucky.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

In August 1991 Winsor was granted a divorce in Kentucky. In October 1991 the Kentucky Court entered an order awarding custody of the two children to her. By that time the mother and the children were living in Rhode Island. The order noted that Woods had had a serious drinking problem during the marriage and that he had been abusive to his wife. Because of his violent temper the Kentucky Court ordered Woods's visits with his children to take place at his mother's home. The first visit was to be in December 1991; Woods was to pick the children up in Rhode Island and take them to his mother's home for the duration of the visit.

Woods, by motion filed in Kentucky, informed the court that his former wife would not allow him to take the children. He filed a motion to have her adjudged in contempt for violation of the visitation order. The Kentucky Court ordered that Woods be permitted to take his children for two weeks in August 1992. According to Woods, Winsor again refused.[1]

Winsor was again found to be in contempt and was informed that she could purge herself by scheduling a two-week visit for the children with their father and that if she failed to do so, custody would be transferred to the father unless she appeared to show cause otherwise. Winsor failed to appear at a show-cause hearing in Kentucky on October 12, 1992, either personally or through counsel. The court noted Winsor's allegation that Woods had sexually abused his son but

concluded that since she did not appear to offer proof, the allegations were "simply another ploy" by Winsor to deny visitation.

Woods then filed a petition in the Rhode Island Family Court requesting that Winsor be ordered to surrender the children to him and that she be enjoined from instituting any further actions in Rhode Island. In response to Winsor's allegation of sexual abuse by the father against the son, set out in her answer, the Family Court justice ordered that the Department of Children, Youth and Families take custody of the children, and he set the matter down for hearing. At the March 1993 hearing the trial justice did not allow any evidence concerning occurrences prior to the October 1992 decision by the Kentucky Court, concluding that the Kentucky Court had made an appropriate decision based on what was before it at that time. Woods's petition was granted.

We note that the Kentucky Court's jurisdiction was never challenged. It considered the actions of Woods and the allegations of Winsor and entered a decree transferring the custody to Woods.

At issue in this case is a conflict between the jurisdiction referred to in G.L.1956 (1988 Reenactment) § 15–14–4(a)(3)(ii) and the denial of full faith and credit and comity. The Family Court finding that no emergency existed was justified. This court is of the opinion that the Kentucky Court had jurisdiction of the case and had the authority to enter the custody order that was entered. That order is entitled to full faith and credit in this state.

For these reasons the defendant's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Family Court.

---

1. Documents filed in Family Court by Winsor indicate that she brought a petition to prevent visitation by Woods. An order was entered denying visitation pending a hearing scheduled for August 27, 1992. The hearing did not take place because Winsor failed to appear, and the petition was dismissed.